## W. H. BROGDEN *vs.* J. C. PRIVETT.

Under sec. 14, ch. 117, of the acts of 1868–'69, giving a remedy by attachment to enforce a laborer's lien in certain cases, an affidavit that the defendant *has removed and is removing and disposing of his cotton crop without regard to the lien,* is insufficient to justify the issuing of the warrant.

Motion to vacate attachment in the Superior Court of WAYNE, heard before *Clarke, J.,* December 2d, 1870.

The plaintiff commenced his action in October, 1870, on a money demand, for work and labor done on the defendant's farm, and filed his complaint claiming a lien on the land and crop of the defendant, and demanding an enforcement of the lien; and he filed an affidavit for an attachment under sec. 14, chap. 117, of the acts of 1868–'69. The affidavit, after setting forth the debt, &c., and a description of the farm, alleged "that the said defendant has removed and is removing and disposing of the cotton crop raised on said farm the present year, (1870) without regard to the lien the plaintiff claims on said cotton crop and farm, and without paying the plaintiff for his labor and services on said farm."

The clerk thereupon issued a warrant of attachment, which the defendant, upon notice, moved to vacate. His Honor granted an order vacating the attachment, and the plaintiff appealed.

*S. M. Isler,* for the plaintiff.
*Faircloth,* for the defendant.

READE, J. The only question is as to the sufficiency of the affidavit for suing out the attachment. The Act of 1868–'69, ch. 117, secures to a laborer a lien on the crop which he labors to make, and also upon the land, &c., upon which the crop is made; and forbids the employer " to remove the crop," &c., " without the permission, or, with intent to defraud the laborer of his lien." And it gives the laborer a remedy by attachment when such removal is attempted. The affidavit for the attachment in this case sets forth that the defendant " has removed and is removing and disposing of the cotton crop," &c., " without regard to the lien," &c. There is no allegation that the removal is " with the intent to defraud the laborer," and, therefore, in view of the fact that the usual way for a farmer to raise money to pay his laborers is by selling his crop, it ought not to be presumed, but must be averred, that the removal is with a fraudulent intent. It is insisted, however, that the words of the statute are in the alternative, "without his permission, or, with intent to defraud." That is true; but still it is not necessary for us to decide whether " or " ought not to be construed *and,* because the affidavit does not use either alternative in the language of the statute; but substitutes his own language, " without regard to the lien," &c. We are not informed why the plaintiff evaded the language of the statute; and we are of the opinion that to favor his *experiment* would be an inconvenient and dangerous construction of the statute.

There is no error.

PER CURIAM.                                    Judgment affirmed.